**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LOUIS HUSBAND,

    Plaintiff,                                  CASE NO. 1:08-cv-766

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,       JUDGE MICHAEL R. BARRETT

    Defendant.

**OPINION & ORDER**

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Hogan on August 18, 2009.  (Doc. 11.)  Petitioner filed a timely objection on August 31, 2009.  (Doc. 12.)  Magistrate Judge Hogan recommends that Petitioner's petition for writ of habeas corpus be DENIED with prejudice.  For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

**I. Background**

In 2003, the state of Ohio charged Petitioner, Louis Husband, with two counts of kidnapping.  Later that year he signed a plea agreement where he pled guilty to one count of abduction.  As part of that agreement, Petitioner agreed to a maximum of five years of community control with the possibility that if he violated the community control terms, the court would impose a 5-year prison sentence.

Two years later, in 2005, Petitioner was charged with aggravated burglary, five

1

counts of rape, and two counts of abduction for which he was sentenced to a 65-year prison term in 2006. These crimes violated the terms of his 2003 plea agreement. The community control was therefore revoked and Petitioner was given an additional five-year prison term to be served consecutively with his 65-year term.

Petitioner's subsequent appeal to the Ohio Supreme Court argued that *State v. Foster*, 845 N.E.2d 470 (Ohio), violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Ohio Supreme Court denied his appeal, and Petitioner filed a federal habeas corpus petition, which alleged the same claim. Magistrate Judge Hogan's Report and Recommendation concluded, "petitioner's rights under the Constitution's Ex Post Facto and Due Process Clauses were not violated by the application of the *Foster* remedy in this case." (Doc. 11, 10.)

**II. Analysis**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner objects to Magistrate Judge Hogan's finding that his rights under the Constitution's Ex Post Facto and Due Process Clauses were not violated by the application of the *Foster* remedy to his case. More specifically, Petitioner objects to the following findings: (1) that *Foster* did not effect any change in the penalties he faced; (2) that the *Foster* severance remedy was constitutional; and (3) that the United States Supreme Court's decision in *Oregon v. Ice*, 129 S.Ct. 711 (2009), precludes Petitioner from seeking relief from his consecutive sentences. (Doc. 12, pp. 3, 4, 6.)

**A. Petitioner's First Objection**

Petitioner's first objection is to the Magistrate Judge's finding that *Foster* did not effect any change in the penalties he faced. By way of background, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that other than the fact of a prior conviction, any fact that increases a crime's penalty beyond the "statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court ruled that the "statutory maximum" is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303. *United States v. Booker*, 543 U.S. 220 (2005), applied the ruling in *Blakely* and changed the federal sentencing guidelines from mandatory to advisory. 543 U.S. at 249. In *State v. Foster*, 845 N.E.2d 470 (Ohio), the Ohio Supreme Court did the same to the Ohio sentencing guidelines by allowing courts to sentence a defendant to any term within a crime's sentencing range without making findings of fact. 845 N.E.2d at 490. Note that *Blakely* and *Booker* were both decided after Petitioner was sentenced

for his 2003 crimes. *Foster*, however, was decided before Petitioner was sentenced for his 2006 crimes. As Magistrate Judge Hogan stated it:

> [P]etitioner essentially claims that the challenged sentences were imposed in violation of his Sixth Amendment rights under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and that application of the remedy established by the Ohio Supreme Court in its 2006 *Foster* decision to cure the constitutional infirmity violates the Constitution's Ex Post Facto and Due Process Clauses because the charged offenses occurred before *Foster* was decided.

(Doc. 11, 10.)

For the reasons detailed in the Report and Recommendation, Petitioner's argument has no merit. Neither *Blakely* nor *Booker* may be applied retroactively to cases where a conviction and sentence have become final by the conclusion of direct review. Petitioner's 2003 sentence became final in 2003, not in 2006 as he claims. (Doc. 11, 4.) The 5-year term he received in 2006 resulted from his violation of the 2003 plea agreement. Collateral review continued past 2003, but *Booker* and *Blakely* cannot be applied retroactively once the direct review is final even if the collateral review is still ongoing. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("*Booker*'s rule does not apply retroactively in collateral proceedings . . . ."). And the Ohio Supreme Court made it clear that *Foster* extended retroactively only to cases that were still pending on direct review. *Foster*, 845 N.E.2d at 499. Therefore, *Booker*, *Blakely*, and *Foster* are inapplicable to Petitioner's 2003 sentence, and Petitioner was not subject to retroactive imposition of changes to the severity of his penalty based on new judicial interpretations of the law.

4

### B. Petitioner's Second Objection

Petitioner's second objection is to the Magistrate Judge's finding that the *Foster* severance remedy was constitutional. Again, the Magistrate Judge's Report and Recommendation demonstrates that Petitioner's argument has no merit. The claim that retroactively applying the *Foster* remedy to Ohio's sentencing statutes is a violation of the Constitution's Ex Post Facto and Due Process Clauses has been rejected by federal and state courts throughout Ohio. *See, e.g.*, *Rettig v. Jefferys*, 557 F. Supp. 2d 830, 841 (N.D. Ohio 2008) ("Ohio courts have uniformly rejected *ex post facto* challenges to the *Foster* decision."). And even if *Blakely* and *Foster* could be retroactively applied to Petitioner's 2003 sentence, this Court agrees with the Magistrate Judge's conclusion that *Blakely* is inapplicable to a stipulated sentence as was imposed on Petitioner. (Doc. 11, 5.) Furthermore, because *Foster* did not change the elements necessary to convict Petitioner or the potential maximum sentence he faced, *Foster* does not raise an *ex post facto* due process violation. *Smith v. Brunsman*, 626 F. Supp. 2d 785, 795 (S.D. Ohio 2009). Petitioner's potential maximum sentence was set in 2003, and it remained the same after *Foster* was decided.

### C. Petitioner's Third Objection

Petitioner's third objection is to the Magistrate Judge's finding that the United States Supreme Court decision in *Oregon v. Ice*, 129 S.Ct. 711 (2009), precludes Petitioner from seeking relief from his consecutive sentences. The Magistrate Judge's Report and Recommendation also demonstrates that Petitioner's arguments as to the applicability of *Oregon v. Ice* are invalid. In 2009, the Supreme Court found that in

certain cases, a jury determination of facts was not necessary to impose consecutive sentences rather than concurrent sentences. A judge alone could determine the facts and impose consecutive sentences. *Ice*, 129 S.Ct. at 714–15. In 2006 *Foster* struck down a similar provision in Ohio law, but based on the 2009 *Ice* decision, that appears to have been unnecessary. "*Foster* did not prevent the trial court from imposing consecutive sentences; it merely took away a judge's duty to make findings before doing so." *State v. Elmore*, 912 N.E.2d 582, 591 (Ct. App. Ohio 2009). Petitioner argues that he was disadvantaged by the Ohio Supreme Court's severance of a constitutional presumption of minimum concurrent sentencing. (Doc. 12, 6.)

Other courts have considered and rejected similar arguments because the Ohio Supreme Court has not yet ruled on this issue. *See, e.g.*, *State v. Ward*, No. OT-10-005, 2010 WL 4157282, slip op. at 1 (Ct. App. Ohio Oct. 22, 2010); *State v. Payton*, Nos. E-09-70, E-09-71, 2010 WL 4157405, slip op. at 3 (Ct. App. Ohio Oct. 22, 2010); *State v. Burston*, No. 93645, 2010 WL 4136981, slip op. at 3 (Ct. App. Ohio Oct. 21, 2010); *State v. Benard*, No. 93987, 2010 WL 4149257, slip op. at 2 (Ct. App. Ohio Oct. 21, 2010); *State v. Varholick*, No. 94187, 2010 WL 4149269, slip op. at 1 (Ct. App. Ohio Oct. 21, 2010); *State v. Thompson*, Nos. 10AP-86, 10AP-91, 2010 WL 4157377, slip op. at 1 (Ct. App. Ohio Oct. 21, 2010); *State v. Rowe*, No. 10AP-150, 2010 WL 4102950, slip op. at 2 (Ct. App. Ohio Oct. 19, 2010); *State v. Moore*, 925 N.E.2d 692, 695 (Ct. App. Ohio 2010); *but cf. State v. Jordan*, No. 2009-T-0110, 2010 WL 4215705, slip op. at 3 (Ct. App. Ohio Oct. 22, 2010) (holding that a sentencing judge, pronouncing a sentence after April 7, 2009, must make certain specific findings of fact

before imposing consecutive sentences on a defendant); *State v. King*, 920 N.E.2d 399, 410–11 (Ct. App. Ohio 2009) (Dyke, J., dissenting in part) ("I would apply the decision in *Oregon v. Ice* . . . and find that the trial court erred in failing to consider R.C. 2929.14 prior to imposing maximum and consecutive sentences."). Until the Ohio Supreme Court issues a decision reconsidering *Foster* in the light of *Ice*, *Foster* remains binding. *State v. Smith*, No. 09AP-981, 2010 WL 4102980, slip op. at 3 (Ct. App. Ohio Oct. 19, 2010).

Regardless, the Magistrate Judge's Report and Recommendation is correct where it states that consecutive sentencing decisions do not trigger Sixth Amendment concerns. (Doc. 11, 6.) (citing *Oregon v. Ice*, 129 S. Ct. 711 (2009)). Whether or not Petitioner was disadvantaged by the Ohio Supreme Court's change in concurrent sentencing procedures, the change it effected did not violate the Constitution.

### III. Conclusion

Having reviewed this matter *de novo* pursuant to 28 U.S.C. § 636, this Court finds the Magistrate Judge's Report and Recommendation to be correct, and that Report and Recommendation is hereby ADOPTED. Accordingly, it is ORDERED that:

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DENIED with PREJUDICE.

2. A certificate of appealability should not issue with respect to Petitioner's claims under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENIES petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                              *s/Michael R. Barrett*
                              UNITED STATES DISTRICT JUDGE